**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BOBBY PORTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No.: 18-cv-02122 (UNA) |
| | ) |
| EXECUTIVE OFFICE OF | ) |
| UNITED STATES ATTORNEYS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of petitioner's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. Petitioner's complaint will be dismissed.

Petitioner, a federal inmate at Jessup Federal Correctional Institution, located in Jessup, GA, filed suit against the Executive Office of United States Attorneys ("EOUSA"). Compl. at caption. Petitioner accepted a guilty plea on or about September 21, 2009, in a matter before Eastern District of Tennessee. *See USA v. Montgomery et al.*, No. 2:09-cr-00031-RLJ-MCLC-15 (E.D. TN Sept. 21, 2009) at ECF No. 238. He was originally sentenced on August 31, 2010. *Id.* at ECF No. 728. Here, petitioner fashions his claims under the Administrative Procedures Act ("APA"), however, he is actually presenting a challenge to his underlying conviction. Compl. at 1 ¶ 1, 2 ¶ 3, 4 ¶¶ 1–3.

Petitioner alleges that the prosecutor of the criminal matter, Mr. Donald Wayne Taylor, took his oath of office beyond the date mandated by EOUSA policy. *Id.* at 2 ¶¶ 1–3. He posits that Mr. Taylor was presented for his appointment on March 29, 2009, and did not formalize his oath of office until April 24, 2009, beyond the "14-days of [ ] requirement." *Id.* at 2 ¶ 2. As a

result, petitioner believes that he was improperly indicted and prosecuted by Mr. Taylor and his office, as that matter was initiated in mid-March 2009. *Id.* at 2 ¶ 3, 4 ¶¶ 1–3; *see USA v. Montgomery et al.*, No. 2:09-cr-00031-RLJ-MCLC-15 (E.D. TN Sept. 21, 2009) at ECF No. 1. He alleges that because Mr. Taylor "did not have proper appointment and oath[,]" the Eastern District of Tennessee "proceeded without jurisdiction." Compl. at 4 ¶ 2. He requests that his conviction(s) be deemed "invalid" and that he be immediately released from incarceration. *Id.* at 4 ¶ 3. Therefore, this Court must construe the complaint as petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

To the extent that a remedy is available to petitioner, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Therefore, petitioner has no recourse in this Court, and the complaint will be dismissed. *Id.* An Order accompanies this Memorandum Opinion.

United States District Judge

Date: October __16__, 2018

2